985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard RIZZO, Defendant-Appellant.
 No. 92-1764.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The members of the panel to whom this case has been assigned unanimously agree that this case should be decided without oral argument. Fed.R.App.P. 34(a); Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Appellant, a convicted felon, was charged with, and pleaded guilty to, a violation of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1).[1] On appeal, he contends that the prohibition of § 922(g)(1) does not apply to him. This contention is without merit.
 
 
 3
 United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), petition for cert. filed (Oct. 6, 1992) (No. 92-6132), is dispositive of the present case. In Driscoll, which the appellant here acknowledges to be controlling, a panel of this court held that Michigan did not restore the civil rights of a convicted felon upon completion of his sentence.[2] Id. at 1479. Here, appellant's civil rights have not been restored, within the meaning of 18 U.S.C. § 921(a)(20), by Michigan following his earlier conviction. Therefore, appellant comes within the prohibition of 18 U.S.C. § 922(g)(1) and, under Driscoll, his conviction must be affirmed.[3]
 
 
 4
 For the foregoing reasons, appellant's conviction is affirmed. Rule 9(b)(2), Rules of the Sixth Circuit.
 
 
 
 [1]
 The plea agreement entered into by appellant does not foreclose him from appealing the issue of whether 18 U.S.C. § 922(g)(1) applies to him
 
 
 [2]
 As we noted in Driscoll, one panel of this court may not overturn another. Id. at 1478
 
 
 [3]
 We also held, in Driscoll, that the pistol restriction imposed by Michigan law constituted a restriction on Driscoll's right to "ship, transport, possess, or receive firearms" within the meaning of § 921(a)(20) and, therefore, provided a second reason for finding that Driscoll was liable under § 922(g)(1). See Driscoll, 970 F.2d at 1481. At the time of appellant's offense the same Michigan pistol restriction also applied to him. Therefore, for this additional reason, appellant's argument that § 922(g)(1) does not apply to him must fail